ROBERT ROBINSON, appellant, v. THOMAS BURKELL, appellee.

*Appeal from the Municipal Court of the City of Chicago.*

An action of trespass *vi et armis*, the defendant having filed pleas of not guilty, and *son assault demesne*, at a subsequent term, offered to file a plea of accord and satisfaction, which the Court refused to permit to be filed, because the truth of the plea was not verified by affidavit: *Held,* that such refusal was erroneous.

A plea of matters happening since the last continuance of the cause, known as the plea of *puis darrein continuance,* may be filed at any time before trial.

THIS cause was heard at the Court below, at the April term, 1838, before the Hon. Thomas Ford and a jury. Verdict and judgment were rendered for the plaintiff for $ 320. The defendant appealed to this Court.

B. S. MORRIS and J. YOUNG SCAMMON, for the appellant.

GILES SPRING and GRANT GOODRICH for the appellee.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *trespass* for an assault and battery. The defendant pleaded not guilty, and *son assault 'demesne,* — verdict and judgment for plaintiff in the Court below. There is a plea also, of accord and satisfaction, which it seems the Circuit Court refused to permit to be filed, at the term of the Court subsequent to the filing of the former pleas. The bill of exceptions recites the fact, that the defendant, on the calling of the cause for trial, offered to file a plea of accord and satisfaction, and sets out the plea in *hæc verba,* but the Court refused to permit it to be filed, because the truth of the plea was not verified by affidavit. The assignment of errors questions, among other causes, the correctness of this decision. We cannot doubt that the refusal to permit the filing of the plea, for this reason, was an erroneous decision. It does not appear that the Court refused to permit the plea to be filed for any other cause, such as the lateness of the time of application to file the plea, — though if the accord had transpired after the filing of the other pleas, it might be done. A plea of matters happening since the last continuance of the cause, known as the plea of *puis darrein continuance,* may be filed at any time before trial; and as the objection is stated to be because the facts in the plea were not stated on oath to be true, we cannot doubt that the refusal was erroneous. It is a plea in bar, and certainly required no verification. The judgment of the Circuit Court is reversed with costs, the cause remanded, and the Circuit Court of Cook county, to which the cause has been transferred, will award a *venire facias de novo.*

*Judgment reversed.*